**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODNEY RAYBURN                                                                                   PLAINTIFF

V.                                          NO: 5:16CV00176 JLH/PSH

ROBBIE FREAD                                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Rodney Rayburn, who is currently held at the Arkansas County Detention Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on June 7, 2016, naming as a defendant Robbie Fread, the Arkansas County Detention Center Administrator.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, a prisoner's complaint must be reviewed to identify cognizable claims and must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Although a complaint

requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Id*. at 570.

## II. Analysis

According to Rayburn's complaint, he was not given a copy of his inmate rights. Although Rayburn acknowledges he was eventually given a copy of a detention center handbook, he states he was never given a copy of his inmate rights despite repeated requests. Rayburn asserts he is entitled to a copy of his rights pursuant to Section 6-1002 of the Criminal Detention Facility Standards. Fread's failure to comply with a detention facility standards statement is not itself a constitutional violation. *See Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991) (jail standards may be helpful and relevant in some cases, but do not represent minimum constitutional standards); *Henderson v. Greeley*, 2015 WL 1280312 at *2 (W.D. Ark. 2015) (violation of jail standards does not equate with a violation of the constitution).

Additionally, Rayburn's vague remarks regarding his fear of retaliation and Fread's alleged threats do not articulate an actionable claim. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992) (mere verbal threats not a § 1983 claim). Accordingly, Rayburn's complaint should be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Rodney Rayburn's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 14th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE